**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY S. CLARK,<br><br>Plaintiff,<br><br>v.<br><br>TROOPER MUDBUSER MALIK, *et al.*,<br><br>Defendants. | Civil Action No. 3:23-03697(GC)(JBD)<br><br>**OPINION** |

**CASTNER, District Judge.**

**THIS MATTER** comes before the Court upon screening of Plaintiff Anthony S. Clark's *pro se* Complaint ("Complaint" or "Compl.") pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (ECF No. 1.) The Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), directed that the Complaint be marked filed, and deferred issuance of summons pending screening. ("IFP Order," ECF No. 2.) The Complaint is therefore before the Court for *sua sponte* screening for dismissal.

## I. BACKGROUND

When screening a complaint for dismissal for failure to state a claim, courts must accept the factual allegations as true. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Here, Plaintiff alleges that, on October 30, 2020, while he was housed at Monmouth County Correctional Institute on an unrelated matter, he was served with Complaint Warrant No. 1315-W-2020-000324 for third-degree terroristic threats by Trooper Mudbuser Malik and Detective Teresa Mayer. (Compl. ¶ 16.) He was taken to the booking area of the Monmouth County jail, where he was "re-arrested, re-mirandized, and re-fingerprinted." (*Id.*)

Officers C. Leonard and J. Auguste were working in the booking area when Plaintiff returned from a court appearance, and each prepared a report concerning statements Plaintiff allegedly made. (Compl. ¶ 17.) Leonard reported that Plaintiff stated he would "kill that bitch," referring to the sentencing judge, while Auguste reported that he did not hear Plaintiff speak to Leonard but heard Plaintiff tell a mental health worker that he would "kill all of them." (*Id.*) Dr. Eunja Talbot, the Director of Mental Health, later conducted a follow-up interview with Plaintiff on his housing unit, purportedly within earshot of other detainees, and subsequently filed a report stating that Plaintiff admitted he intended to harm the judge and jury upon release. (Compl. ¶ 18.) Plaintiff asserts that this report was false and that it contributed to the prosecution against him. (*Id.*)

After approximately seven months of detention and several court appearances conducted by video, the matter was presented to a grand jury in Ocean County on charges of third-degree terroristic threats and fourth-degree harassment. (Compl. ¶ 19.) On November 4, 2021, the grand jury returned a no bill, terminating the prosecution in his favor. (*Id.*)

The defendants are Trooper Malik, Detective Teresa Mayer, Detective Kevin O'Neill, Detective Sean O'Neill, Officer C. Leonard, Officer J. Auguste, and Dr. Eunja Talbot in their individual capacities. (Compl. ¶¶ 6–12.) Plaintiff invokes the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and asserts claims for false arrest, false imprisonment, malicious prosecution, and retaliation based on Plaintiff's prior litigation under 42 U.S.C. § 1983,[1] as well as alleged violations of the Health Insurance Portability and Accountability Act of 1996 (HIPAA)

[1] (*See* Compl. ¶ 21) (alleging that the instant terroristic threats charge was initiated in retaliation for plaintiff's prior 42 U.S.C. § 1983 action); *Clark v. Detzky*, No. 19-7855 (GC) (DEA), 2023 U.S. Dist. LEXIS 79168 (D.N.J. May 5, 2023) (Plaintiff's earlier § 1983 action).

and 8 U.S.C. § 1324c (part of the Immigration and Nationality Act governing immigration-related document fraud). (Compl. ¶¶ 2, 21, 23–24.)

## II. LEGAL STANDARD

Because Plaintiff proceeds *in forma pauperis* and is incarcerated, the Court must review the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes require dismissal of any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from suit.

To determine whether a complaint states a claim, the Court applies the familiar pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. At the same time, courts must construe *pro se* pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

### A. *Heck* Does Not Bar the Complaint

As a threshold matter, Plaintiff's claims are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* precludes a § 1983 damages action only where success on the civil claim would necessarily imply the invalidity of an existing conviction or sentence that has not been invalidated. Plaintiff alleges the opposite: that the criminal matter terminated in his favor when the grand jury returned a no bill on November 4, 2021, and the pleading identifies no conviction or sentence anywhere in the case. (Compl. ¶ 19.) That suffices to remove the Complaint from *Heck*'s bar at screening.

That same allegation also satisfies the favorable-termination requirement for Plaintiff's Fourth Amendment malicious-prosecution theory. In *Thompson v. Clark*, 596 U.S. 36 (2022), the

United States Supreme Court held that a plaintiff need only show that the prosecution ended without a conviction; an affirmative indication of innocence is not required. Plaintiff's alleged no bill permits the Court to reach the merits of his Fourth Amendment claims.

**B. Plaintiff's Standalone False Arrest and False Imprisonment Claims Are Time-Barred**

Plaintiff's false arrest and false imprisonment claims are governed by New Jersey's two-year statute of limitations period for personal-injury actions, which applies to § 1983 claims. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Federal law controls when that statute begins to accrue. *See id*. Under *Wallace*, a false arrest or false imprisonment claim accrues when the plaintiff is detained pursuant to legal process — typically, when he is bound over by a magistrate or otherwise detained following the institution of formal charges. 549 U.S. at 389–90.

Here, Plaintiff alleges that he was served with Complaint Warrant No. 1315-W-2020-000324 on October 30, 2020 and was then taken to the booking area of the Monmouth County jail, where he was "re-arrested, re-mirandized, and re-fingerprinted." (Compl. ¶ 16.) Because the Complaint was received on July 10, 2023 and granted IFP on August 8, 2023, any standalone false arrest or false imprisonment claim accrued well outside the two-year period and is untimely on the face of the pleading. (*See generally* Compl.; IFP Order.)

A malicious-prosecution claim accrues upon favorable termination of the criminal proceeding. Construed liberally, the Complaint also raises a claim that Defendants fabricated evidence — specifically, the reports allegedly attributing false statements to Plaintiff that were used to initiate and sustain the prosecution. (*See* Compl. ¶¶ 22 ("Plaintiff argues that although defendant's actions may have appeared lawful, all of the defendants acted purely out of malice, without probable cause, and with knowledge that the accusations against the plaintiff were mere

fabrication."); 23-23(d) ("The actions of the defendants that constitute a deprivation of the [Plaintiff's] civil rights and are the basis of these claims in this action include but are not limited to...[k]nowingly submitting false, and fraudulent reports and affidavits."). Fabricated evidence claims do not accrue until the criminal proceedings end without a conviction. *McDonough v. Smith*, 588 U.S. 109 (2019). Because Plaintiff alleges that the matter ended by no bill on November 4, 2021, both his malicious prosecution and fabricated evidence claims are timely pled.

**C. Plaintiff Plausibly States a Fourth Amendment Malicious Prosecution Claim**

Plaintiff's allegations are properly analyzed under the Fourth Amendment. Where a particular Amendment provides an explicit source of constitutional protection, that Amendment governs. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *County of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998). Because Plaintiff's allegations arise from his arrest, continued detention, and prosecution, the Fourth Amendment supplies the controlling framework. *Manuel v. City of Joliet*, 580 U.S. 357, 364–67 (2017) (holding that the Fourth Amendment governs claims for unlawful pretrial detention, not the Due Process Clause).

To state a Fourth Amendment malicious-prosecution claim in this Circuit, a plaintiff must allege that: (1) the defendant initiated a criminal proceeding; (2) the proceeding ended in the plaintiff's favor; (3) it was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with seizure. *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007); *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

The Complaint plausibly alleges those elements. Plaintiff asserts that Trooper Malik and Detective Mayer caused him to be re-arrested on Complaint Warrant No. 1315-W-2020-000324, that Officers Leonard and Auguste prepared reports describing alleged threats, and that Dr. Talbot later authored a report stating that Plaintiff admitted an intent to harm the judge and jury. (Compl.

¶¶ 16–18.) Plaintiff further alleges that those statements were false and that they formed the basis for his continued detention and prosecution, which lasted approximately seven months and ended with a no bill. (Compl. ¶ 19.) Such continued pretrial detention following the initiation of legal process constitutes a seizure within the meaning of the Fourth Amendment. *See Manuel*, 580 U.S. at 364–67; *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) (recognizing that detention pursuant to legal process implicates the Fourth Amendment's protections against unreasonable seizure). A defendant may be liable for initiating a proceeding where he or she influenced or participated in the decision to prosecute, including by supplying false information that formed the basis of the charges. *See Johnson*, 477 F.3d 75, 82–85 (explaining that liability for malicious prosecution extends to those who played a role in initiating or continuing the prosecution); *Halsey v. Pfeiffer*, 750 F.3d 273, 297–98 (3d Cir. 2014) (finding plaintiff adequately alleged that defendant officers made false statements in support of an arrest warrant sufficient to sustain a malicious prosecution claim). At this stage, those allegations are sufficient to plead that the prosecution was initiated without probable cause and that Plaintiff suffered a deprivation of liberty consistent with seizure.

The Complaint also alleges that the challenged reports contained statements Plaintiff says he did not make and were used to sustain the charge and the ensuing detention. (Compl. ¶¶ 17–18.) Allegations that officials initiated or continued a prosecution based on knowingly false or fabricated evidence may negate probable cause and independently state a Fourth Amendment violation at the pleading stage. *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562-65 (2024); *Halsey*, 750 F.3d 273, 292–95.

Accordingly, Plaintiff's Fourth Amendment malicious prosecution claims may proceed against Defendants Trooper Malik, Detective Mayer, Officer C. Leonard, Officer J. Auguste, and Dr. Eunja Talbot in their individual capacities. To the extent Plaintiff seeks to assert a standalone Fourteenth Amendment substantive due process claim based on the same arrest, seizure, or

prosecution, that claim is duplicative of his Fourth Amendment claim and will be dismissed with prejudice. *See Albright*, 510 U.S. at 273; *Lewis*, 523 U.S. at 843–44. To the extent the Complaint raises a standalone fabricated evidence claim under the Fourth Amendment (*see* Compl. ¶¶ 22, 23(d)), that claim likewise proceeds at this stage. *Halsey*, 750 F.3d at 292–95; *Chiaverini*, 144 S. Ct. at 1753–54. The Court expresses no view as to whether Plaintiff can ultimately substantiate these allegations.

**D. Plaintiff's First Amendment Retaliation Claim Will Be Dismissed Without Prejudice**

Plaintiff also alleges that the prosecution was retaliatory because he previously filed a § 1983 action against the Monmouth County Prosecutor's Office. (Compl. ¶ 21.) Filing a lawsuit is protected First Amendment activity, and a retaliation claim ordinarily requires protected conduct, an adverse action sufficient to deter a person of ordinary firmness, and a causal link between the two. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). In addition, a retaliatory prosecution claim generally requires allegations that the prosecution was unsupported by probable cause. *See Hartman v. Moore*, 547 U.S. 250, 265–66 (2006).

Plaintiff's retaliation allegation is too conclusory to state a claim. The Complaint does not identify who knew of the earlier action, when they learned of it, or facts supporting a plausible inference that knowledge of the earlier lawsuit caused the prosecution decision. Nor does it plead facts supporting causation in the retaliatory-prosecution context. The retaliation claim will therefore be dismissed without prejudice.

**E. Plaintiff's Fifth Amendment Claim Will Be Dismissed with Prejudice**

The Fifth Amendment's Due Process Clause applies to federal actors; the Fourteenth Amendment provides the corresponding protections against state actors. *See, e.g., Berg v. Cnty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000). The defendants named in the Complaint are state and

county actors: a New Jersey State Trooper, Monmouth County Sheriff's Office personnel, and the Director of Mental Health at the county jail. (Compl. ¶¶ 6–12.)

Accordingly, the Fifth Amendment does not apply to the conduct alleged here. Plaintiff's Fifth Amendment claim will therefore be dismissed with prejudice.

**F. Plaintiff's Eighth Amendment Claim Will Be Dismissed with Prejudice**

Plaintiff also invokes the Eighth Amendment, but the Complaint describes events occurring while he was housed in county custody pending resolution of the criminal charge. For pretrial detainees, the Eighth Amendment does not apply; claims concerning conditions of confinement arise, if at all, under the Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). The Complaint pleads no excessive-force or conditions-of-confinement facts that would support such a theory. The Eighth Amendment claim will therefore be dismissed with prejudice.

**G. The Claims Against Kevin O'Neill and Sean O'Neill Will Be Dismissed Without Prejudice**

The Complaint names Kevin O'Neill and Sean O'Neill as Defendants, but it pleads no factual allegations whatsoever describing any act, omission, statement, report, recommendation, or decision attributable to either of them. (Compl. ¶¶ 8–9.) Section 1983 liability requires personal involvement in the alleged constitutional violation; it cannot rest on a generalized theory of responsibility. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988)). Because the Complaint alleges nothing about either of the O'Neill Defendant's involvement, the claims against them will be dismissed without prejudice.

**H. Plaintiff's 42 U.S.C. § 1981 Claim Will Be Dismissed with Prejudice**

Plaintiff also references 42 U.S.C. § 1981. Section 1981 protects against intentional racial discrimination in the making and enforcement of contracts. To state a claim under § 1981, a plaintiff must allege that he is a member of a racial minority, that the defendant intended to discriminate on the basis of race, and that the discrimination concerned one of the activities enumerated in the statute. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001); *Saint Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987).

The Complaint contains no facts suggesting intentional race-based discrimination or interference with a contractual relationship. Plaintiff's bare invocation of § 1981 therefore fails to state a claim and will be dismissed with prejudice.

**I. Plaintiff's HIPAA Theory Will Be Dismissed with Prejudice**

Plaintiff's reliance on the Health Insurance Portability and Accountability Act ("HIPAA") is misplaced. HIPAA does not provide a private right of action; enforcement authority lies with the Secretary of Health and Human Services. *See, e.g., Beckett v. Grant*, No. 19-3717, 2022 U.S. App. LEXIS 4310, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022).[2] Accordingly, Plaintiff cannot obtain damages under HIPAA for the conduct alleged here, even accepting his account that Dr. Talbot's report was false or improperly disclosed. The HIPAA claim will therefore be dismissed with prejudice.

**J. Plaintiff's Reliance on 8 U.S.C. § 1324c Will Be Dismissed with Prejudice**

Finally, Plaintiff cites 8 U.S.C. § 1324c. Section 1324c concerns immigration-related document fraud and is unrelated to the facts alleged in the Complaint. The pleading contains no factual allegations suggesting conduct of that kind, and the statute provides no private civil remedy

[2] Nor may HIPAA violations be enforced through § 1983.

applicable to the facts alleged here. Plaintiff's reference to § 1324c therefore fails to state a claim and will be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will permit Plaintiff's Fourth Amendment malicious prosecution and fabricated evidence claims to **PROCEED** against Defendants Trooper Mudbuser Malik, Detective Teresa Mayer, Officer C. Leonard, Officer J. Auguste, and Dr. Eunja Talbot in their individual capacities.

Plaintiff's standalone Fourth Amendment false arrest and false imprisonment claims are **DISMISSED WITHOUT PREJUDICE** as time-barred on the face of the pleading. *See Wallace*, 549 U.S. at 387. Plaintiff may seek leave to amend if he can allege facts supporting equitable tolling or a theory of delayed accrual. *See id.* Plaintiff's First Amendment retaliation claim is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's claims against Defendants Kevin O'Neill and Sean O'Neill are **DISMISSED WITHOUT PREJUDICE** for failure to allege personal involvement.

Plaintiff's Fifth Amendment claim, any standalone Fourteenth Amendment substantive due process claim predicated on the arrest, seizure, or prosecution, Plaintiff's Eighth Amendment claim, and Plaintiff's claims under 42 U.S.C. § 1981, HIPAA, and 8 U.S.C. § 1324c are **DISMISSED WITH PREJUDICE**.

The Court does not address potential immunity defenses at this stage.

An appropriate Order accompanies this Opinion.

Georgette Castner

**GEORGETTE CASTNER**
**United States District Judge**

Dated: August 5, 2026